UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HERMAN BROWN, JR.,

        Plaintiff,

        v.                                    Case No. 13-C-906

WARDEN MICHAEL MEISNER,

        Defendant.

DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DOC 3), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DOC 11), DENYING PLAINTIFF'S MOTION TO AMEND/CORRECT (DOC 15), DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF (DOC 15), DENYING PLAINTIFF'S MOTION FOR RESTRAINING ORDER (DOC 16), TRANSFERRING VENUE TO WESTERN DISTRICT OF WISCONSIN, AND DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT IN THE WESTERN DISTRICT OF WISCONSIN

Plaintiff, Herman Brown, Jr., who is incarcerated at Columbia Correctional Institution, is proceeding on a *pro se* complaint under 42 U.S.C. § 1983, alleging that he was sexually assaulted by guards at the prison. He is also seeking a motion for leave to proceed *in forma pauperis* and relief on several other motions.

As an initial matter, the court's review of plaintiff's complaint and the docket in this case reveals that venue in this court is improper under 28 U.S.C. § 1391(b), which provides:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situation, or (3) a judicial district in which any defendant may be found, if

> there is no district in which the action may otherwise be brought.

This court meets none of those requirements. Plaintiff is incarcerated at Columbia Correctional Institution in the Western District of Wisconsin, and the actions giving rise to the complaint occurred at Columbia Correctional Institution, where the named defendant is the warden. Consequently, the court will transfer this case to the United States District Court for the Western District of Wisconsin, the proper venue, for further proceedings.

However, the court will resolve the pending motions and screen plaintiff's complaint. It is noted that plaintiff has been assessed and paid an initial partial filing fee of $2.39.

Next, plaintiff has filed several requests asking this court to appoint counsel for him. The court has discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). However, as a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). If the plaintiff makes a reasonable attempt to secure counsel, the court must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 781 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655).

In this case, plaintiff has provided no evidence of any attempt to secure counsel on his own. Therefore, he must contact attorneys and ask them to represent him in this matter. If he is unsuccessful, he must provide the court with copies of letters to or from

those attorneys or, at a minimum, the names and addresses of the attorneys he contacted in support of any future motion asking the court to recruit pro bono counsel.

On January 2, 2014, plaintiff filed a document that included a request to amend/correct his complaint and a request for injunctive relief. He sought to identify the five individuals who sexually assaulted him so that he may name them as defendants. He also asked for a transfer from Columbia Correctional Institution to Waupun Correctional Institution. However, at this time the court finds no basis for transferring plaintiff to another prison.

Plaintiff did not submit a proposed amended complaint that named the new defendants and contained all allegations against all defendants.

Most recently, plaintiff filed a motion asking for a restraining order against those defendants he identified as sexually assaulting him. These individuals are not named defendants and the court has no jurisdiction over them at this stage of the case. Also, plaintiff has not shown that he is entitled to relief under Federal Rule of Civil Procedure 65.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law.

3

*Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In his sworn complaint, plaintiff details a sexual assault that occurred on July 3, 2013, and the trouble that he has had getting information about his attackers. These are serious allegations that state an Eighth Amendment claim. See *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012). Yet, plaintiff has named only the warden as a defendant, and the complaint does not contain allegations of personal involvement by the warden. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir.2009) (Section 1983 makes public employees liable "for their own misdeeds but not for anyone else's.").

Plaintiff's subsequent filings suggest that he wishes to add as defendants those correctional officers directly involved in the sexual assault. Hence, the court will give plaintiff an opportunity to file an amended complaint curing the deficiencies of the original complaint. The amended complaint would supersede the initial complaint and it must be complete, which means it must not reference the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted).

4

Plaintiff shall use the Western District of Wisconsin's form complaint, which will be provided with this order, and the amended complaint shall be mailed to the address listed on the form for that court. If plaintiff has received notice of his case number in the Western District of Wisconsin before he files, his amended complaint also should include that case number. Plaintiff shall file his amended complaint with the Western District of Wisconsin on or before Friday, March 28, 2014. If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A. Failure to file an amended complaint within this time period may result in dismissal of this action. Therefore,

IT IS ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 3) is GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion to appoint counsel (Doc. 11) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that plaintiff's motion to amend/correct (Doc. 15) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for injunctive relief (Doc. 15) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for restraining order (Doc. 16) is DENIED.

IT IS FURTHER ORDERED that on or before **Friday, March 28, 2014**, plaintiff shall file an amended pleading curing the defects in the original complaint.

IT IS FURTHER ORDERED that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prisoner trust account the $347.61 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account

in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

IT IS ALSO ORDERED that a copy of this order be sent to the warden of the institution where the inmate is confined.

Dated at Milwaukee, Wisconsin, this 28th day of February, 2014.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. District Judge

6